UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA ENGELBRECHT,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY ELECTIONS OFFICE, et al.,<br><br>    Defendants. | No. 2:18-cv-00494-TLN-KJN (PS)<br><br><br>ORDER |

On March 7, 2018, plaintiff, who proceeds without counsel, filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2) On April 11, 2018, the court denied plaintiff's motion because, by plaintiff's own admission, her net household income was approximately 138% of the 2018 poverty guidelines for a similarly situated individual; her net monthly income was $400.00 more than her monthly expenses; and she had $11,000.00 in a bank account. (See ECF No. 3.) In response, plaintiff filed a motion to amend/grant *in forma pauperis* status that the court construes as a motion for reconsideration. (ECF No. 4)

While plaintiff details some changed circumstances since her original motion to proceed *in forma pauperis*, the court denies her motion for reconsideration for the reasons explained below. Additionally, after carefully reviewing plaintiff's complaint, the court also concludes that the action should be transferred to the Fresno division of the United States District Court for the

1

Eastern District of California.

## MOTION FOR RECONSIDERATION

Presently, a filing fee of $400.00 is required to commence a civil action in this court. The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person who is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1).

Plaintiff asserts that her monthly income will be reduced from $1,400.00 to $1,300.00. (ECF No. 4.) She also asserts that her bank balance is currently $8,300.00, and that she is spending between $1,200.00 and $1,600.00 a month on hotels, in addition to other expenses, due to the fact that she is unable to live in her home. (Id.) Furthermore, plaintiff asserts that $40,000.00 has been stolen from her, and that the United States District Court has continued to dismiss her cases, "exposing bias and disregard for monumental financial crimes." (Id.)

The reduction in plaintiff's wages equates to $15,600.00 annually, which is approximately 128% of the 2018 poverty guidelines for a similarly situated individual. See https://aspe.hhs.gov/poverty-guidelines (last visited May 1 2018). Moreover, plaintiff admits that she has $8,300.00 in a bank account, which is enough to pay 20 separate filing fees in federal court.

Therefore, the court cannot find that plaintiff is unable to pay, or provide security for, the court's filing fee. To be sure, the court is sympathetic to the fact that plaintiff does not have a large income by any measure, and that plaintiff also has several expenses to contend with, including temporary housing and home repairs. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency.

## VENUE

The court's Local Rules provide that "[a]ll civil and criminal actions and proceedings of every nature and kind cognizable in the United States District Court for the Eastern District of

California arising in Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolomne counties shall be commenced in the United States District Court sitting in Fresno, California. . . ." E.D. Cal. L.R. 120(d). "Whenever in any action the Court finds upon its own motion, motion of any party, or stipulation that the action has not been commenced in the proper court in accordance with this Rule, or for other good cause, the Court may transfer the action to another venue within the District." E.D. Cal. L.R. 120(f).

Here, plaintiff alleges that defendants Kern County Elections Office and the United States Postal Service perpetrated fraud, identity theft, conspiracy, forgery, obstruction of justice and RICO violations against plaintiff. (See generally ECF No. 1.) Specifically, plaintiff alleges that her vote was forged on a mail-in ballot in Kern County, and that a fraudulent post office box and a fraudulent bank account were opened in her name in Frazier Park, CA, a city in Kern County. (Id.) As such, because the claims here arose in Kern County, this matter should have been commenced in the Fresno division. See E.D. Cal. L.R. 120(d).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reconsider *in forma pauperis* status (ECF No. 4) is DENIED.
2. Within 28 days of this order, plaintiff shall pay the applicable filing fee.
3. The action, including whether to entertain a request for a reasonable extension of time to pay the filing fee, is TRANSFERRED to the Fresno division of this district pursuant to Local Rule 120(f).
4. Failure to timely pay the filing fee, or timely request an extension of time to do so, may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED

Dated: May 4, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.18-494.englebrecht. recon transfer

3