# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA ENGELBRECHT,<br><br>    **Plaintiff**<br><br>v.<br><br>KERN COUNTY ELECTIONS OFFICE and UNITED STATES POSTAL SERVICE,<br><br>    **Defendants** | CASE NO. 1:18-CV-0614 AWI BAM<br><br>**ORDER REGARDING IN FORMA PAUPERIS STATUS AND ORDER CLOSING CASE** |

    On March 7, 2018, Plaintiff filed this matter in the Sacramento Division of the Eastern District of California and moved to proceed in forma pauperis. See Doc. Nos. 1, 2.

    On April 11, 2018, a Magistrate Judge denied Plaintiff's motion to proceed in forma pauperis. See Doc. No. 3. The Magistrate Judge determined that Plaintiff had sufficient income/resources to pay the filing fee. See id.

    On April 20, 2018, Plaintiff filed a motion for reconsideration. See Doc. No. 4.

    On May 4, 2018, the Magistrate Judge denied the motion, ordered Plaintiff to pay the filing fee within 28 days, and transferred the matter to the Fresno Division of the Eastern District of California. See Doc. No. 5.

    On May 14, 2018, Plaintiff declined to proceed before the Fresno magistrate judge assigned to this case, but has made no other filings in this Court and has not paid the filing fee.

*Discussion*

    There are a number of problems with Plaintiff's case.

    First, there is a procedural concern with this case. The Ninth Circuit has held that, unless litigants consent, magistrate judges are without jurisdiction to deny applications to proceed in

forma pauperis. See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988); see also Williams v. Escalante, 2018 U.S. App. LEXIS 5436, *1 (9th Cir. Mar. 1, 2018). Therefore, the denial of the motions to proceed in forma pauperis by the magistrate judge was not proper. Nevertheless, the Court has reviewed the April 11 and May 4 orders and agrees with them. The Court will adopt the analysis and conclusions of those orders. Therefore, Plaintiff's motions to proceed in forma pauperis are denied. See Doc. Nos. 3, 5.

Second, there is a pleading problem. Even if Plaintiff's financial situation qualified her to proceed in forma pauperis, her complaint does not. As near as the Court can tell, Plaintiff is complaining about a forged voter registration or vote by mail application. However, that is based on exhibits attached to the complaint. The complaint itself consists of nothing more than a handful of single words that do not form sentences. Under the section "Statement of Claim," Plaintiff wrote: "Fraud, ID Theft, Conspiracy, Forgery, Obstruction of Justice, RICO."[1] See Doc. No. 1.[2] No plausible claims are remotely close to being stated. The Court would be required to dismiss the complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(1)(B).

Third, there is a jurisdictional concern. Even if Plaintiff alleged plausible claims, the Court would dismiss this case for jurisdictional reasons. Plaintiff invokes diversity jurisdiction. See Doc. No. 1. However, the Kern County Elections Office is an arm of Kern County, and Kern County is a political subdivision of California. As a political subdivision, Kern County is considered a citizen of California for purposes of diversity jurisdiction. See Moor v. Alameda Cnty., 411 U.S. 693, 717-18 (1973); Johnson v. San Joaquin Cnty. Sheriff's Dep't, 2017 U.S. Dist. LEXIS 188260, *6-*7 (Nov. 14, 2017). Therefore, the Kern County Elections Office is a citizen of California, like Plaintiff. Because Plaintiff and one defendant are citizens of California, there is not complete diversity and thus, no diversity jurisdiction. See Diaz v. Davis, 549 F.3d 1223, 1234 (9th Cir. 2008). Plaintiff also mentions RICO, which the Court will assume is an attempt to

---

[1] The Court takes Plaintiff's reference to "RICO" as referring to the Racketeering Influenced and Corrupt Organizations Act (18 U.S.C § 1961 et seq.). Because Plaintiff's complaint affirmatively indicates that only diversity jurisdiction is being invoked, the Court will view the remaining claims as brought under California state law.

[2] The Complaint is on a pre-printed form and contains 70 pages of attached exhibits.

invoke federal question jurisdiction. However, Plaintiff cannot pursue a RICO claim as a matter of law. The only defendants named are the United States Postal Service and the Kern County Elections Office. It is well established that government entities are not subject to RICO because they "are incapable of forming [the] malicious intent necessary to support a RICO action." Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996); see Lancaster Comm. Hosp. v. Antelope Valley Hosp., 940 F.2d 397, 404 (9th Cir. 1991). Amendment of the RICO claim would be futile. See id. With the dismissal of the RICO claim, which appears to be the only federal claim, the Court would decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3).

*Resolution*

Plaintiff's in forma pauperis motions will be denied. However, the Court will not give Plaintiff the opportunity to pay the filing fee. As discussed above, there are substantial deficiencies with Plaintiff's complaint. The Court will construe the Complaint as attempting to invoke a RICO claim. However, no RICO claim is possible against the defendants. Therefore, the Court will dismiss the RICO claim, decline to exercise supplemental jurisdiction over the attempted California state law claims, and close this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to proceed in forma pauperis (Doc. Nos. 2, 4) are DENIED;
2. Plaintiff's RICO claim is DISMISSED without leave to amend;
3. Pursuant to 28 U.S.C. § 1367(c)(3), the Court DECLINES to exercise supplemental jurisdiction over Plaintiff's remaining state law claims; and
4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   August 24, 2018                    _____
                                             SENIOR DISTRICT JUDGE